IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | |
| EMORY CORNELIUS CLEMONS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND OPINION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the court on the defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [Doc. 22] and Motion for Pretrial Notice of Government's Intent to Use Evidence [Doc. 23], both filed on December 17, 2008. The parties appeared for an evidentiary and motion hearing on March 9, 2009. Assistant United States Attorneys David P. Lewen and Kelly Ann Norris represented the government. Attorney Tracy Jackson Smith appeared on behalf of the defendant, who was also present. The defendant did not further argue the above listed motions at the hearing but, instead, chose to rely on his filings.

The defendant requests [Doc. 22] that the Court order the government to disclose any evidence that it plans to use at trial pursuant to Rule 404(b), Federal Rules of Evidence, so that the defendant can object to the admission of the evidence or prepare to defend against it at trial. The government responds [Doc. 30] that it will provide notice of the general nature of any 404(b)

1

evidence seven days before trial, as ordered by the Court.

Rule 404(b) provides that upon the defendant's request, the government "shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice for good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b). This Court's Order on Discovery and Scheduling [Doc. 12, para. I] states that "reasonable notice" under Rule 404(b) is deemed to be seven calendar days before trial unless the Court notes otherwise. The defendant has given no compelling need for an earlier disclosure, and the Court finds no reason to disturb the seven-day time frame provided in the Order on Discovery and Scheduling. Accordingly, the defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [**Doc. 22**] is **DENIED as moot** in light of the fact that Order on Scheduling and Discovery already adequately provides for pretrial notice of the government's intention to introduce 404(b) evidence.

The defendant also asks [Doc. 23] the Court pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure to order the government to give written notice of all evidence that it intends to use in its case-in-chief at trial. He maintains that such written notice is necessary for him to have the opportunity to object to the admissibility of the evidence. The government responds [Doc. 30] that Rule 12(b)(4)(B) does not entitle the defendant to the requested notice. It also gives notice that it intends to use all evidence disclosed in discovery in its case-in-chief at trial. Accordingly, it maintains that the defendant's motion should be denied as moot.

Rule 12(b)(4)(B) (formerly, Rule 12(d)) of the Federal Rules of Criminal Procedure requires the government, upon request of the defendant, to give notice to the defendant of the government's intent to use certain evidence at trial. The rule is limited in scope. By its own terms, it

2

is limited to evidence the defendant would be entitled to discover under Rule 16, Federal Rules of Criminal Procedure. It also explicitly limits disclosure to evidence the government intends to use in its case-in-chief. Furthermore, this "provision contemplates motions filed in preparation for actual or potential motions to suppress evidence." United States v. Lanier, 578 F.2d 1246, 1254 (8th Cir.), cert. denied, 439 U.S. 856 (1978).

Rule 12(b)(4)(B) is not designed nor intended to be used to obtain more specific discovery than that provided by Rule 16. See Lanier, 578 F.2d at 1254. Rather, Rule 12(b)(4)(B) is intended to facilitate the making of pretrial suppression motions by allowing the defendant to avoid filing a motion to suppress when the government does not intend to use the evidence. Thus, to the extent that a defendant does object to certain evidence, and/or plans to file a motion to suppress certain evidence, the government, in response to a Rule 12(b)(4)(B) request, should give notice of whether it intends to use such evidence in its case-in-chief.[1] Here the government has given notice in its response of its intent to use all evidence that it provided in discovery. Moreover, the defendant has already filed two suppression motions [Docs. 26 and 28], and the Court has held an evidentiary hearing on the defendant's motion to suppress the evidence flowing from the seizure and search of his person. Accordingly, the Court finds that the defendant has already received the notice for which he asks in his motion, although not necessarily in the format requested. Thus, the defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 23**] is **DENIED as moot**.

---

[1]The Court notes that the government is not required to wait for the defendant's request before notifying the defendant of evidence it intends to use in its case-in-chief. See Fed. R. Crim. P. 12(b)(4)(A). In cases involving evidence, which likely or typically implicates a suppression issue (e.g., evidence obtained in searches, confessions, the defendant's statements, the defendant's criminal record, expert evidence, intercepted communications, etc.), the government is encouraged to take the initiative to disclose its intent to use such evidence in its case-in-chief pursuant to 12(b)(4)(A) before a 12(b)(4)(B) request is made.

3

Based upon the forgoing, it is **ORDERED**:

(1) The defendant's Motion for Pretrial Notice of Government's Intent to Use 404(b)-Type Evidence [**Doc. 22**] is **DENIED as moot**, and

(2) The defendant's Motion for Pretrial Notice of Government's Intent to Use Evidence [**Doc. 23**] is also **DENIED as moot**.

**IT IS SO ORDERED.**

ENTER:

       s/ H. Bruce Guyton
United States Magistrate Judge

4

Case 3:08-cr-00102-TWP-HBG   Document 40   Filed 04/08/09   Page 4 of 4   PageID #: 108