IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | |
| EMORY CORNELIUS CLEMONS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motions to Dismiss [Doc. 24], filed on December 17, 2008. The defendant argues that the indictment should be dismissed because the nineteen-month delay between the commission of the alleged offense and the bringing of federal charges against him violates his right to due process under the Fifth Amendment. The Court held an evidentiary and motion hearing on March 9, 2009. Assistant United States Attorneys David P. Lewen and Kelly Ann Norris represented the government. Attorney Tracy Jackson Smith appeared on behalf of the defendant, who was also present. The defendant did not present any additional argument on the Motion to Dismiss at the hearing but, instead, chose to rely on his filings.

1

On July 1, 2008, the defendant was indicted [Doc. 3] on a single count of possession of five grams or more or crack cocaine with intent to distribute, which is alleged to have occurred on December 23, 2006. The defendant contends that the government unreasonably delayed in charging him for some nineteen months after the alleged offense. Because this delay exceeded one-year, the defendant contends that it is presumptively prejudicial. Moreover, he asserts that the government had no valid reason for the delay because the instant offense was not an on-going crime and the government had all the information about the offense at the time of the defendant's arrest and certainly at the time of the defendant's April 2007 state conviction,[1] arising out of the same incident and pursuant to a guilty plea. Accordingly, the defendant argues that the pre-indictment delay violated his Fifth Amendment right to due process of law.[2] The government responds [Doc. 30] that the defendant's due process rights were not violated because he was indicted within the statute of limitations, the government did not intentionally delay to gain a tactical advantage, and the defendant has shown no actual prejudice he suffered as a result of the pre-indictment delay.

Statutes of limitations provide the main protection against prosecutorial delay in charging a defendant. United States v. Lovasco, 431 U.S. 783, 789 (1977). In the present case,

---

[1]The defendant contends that he entered his guilty plea in state court on April 12, 2007. The government states [Doc. 30] that April 12, 2007, was the day that the defendant was sentenced on his state guilty plea, which he had entered on January 24, 2007. At the March 9, 2009 hearing, neither party presented any evidence on the date of the defendant's entry of a state guilty plea. Both parties appear to agree that the defendant's state conviction was concluded in April 2007.

[2]The defendant also summarily asserts that the pre-indictment delay in this case violates his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, Section 8, of the Tennessee Constitution. In his supporting memorandum, the defendant observes that the Fifth Amendment's Due Process Clause protects against unreasonable delay in bringing charges against a defendant. He provides no explanation of how the Fourteenth Amendment and the Tennessee Constitution apply. Accordingly, the Court declines to address the defendant's passing references to the Fourteenth Amendment and the state constitution.

2

the indictment was brought well within the applicable five-year statute of limitations. See 18 U.S.C. § 3282(a) (imposing a five-year statute of limitations for all non-capital cases). Nevertheless, delay in prosecuting a defendant can implicate due process even if the indictment is brought within the statute of limitations. United States v. Marion, 404 U.S. 307, 325 (1971) (reversing dismissal for three-year time period between crimes and indictment). To assess whether a constitutional violation has occurred, courts are to determine whether the "'fundamental conceptions of justice which lie at the base of our civil and political institutions,' and which define 'the community's sense of fair play and decency,'" are violated. Lovasco, 431 U.S. at 790 (quoting Mooney v. Holohan, 294 U.S. 103, 112 (1935), and Rochin v. California, 342 U.S. 165, 173 (1952)). "Dismissal for pre-indictment delay is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage." United States v. Brown, 667 F.2d 566, 568 (6th Cir. 1982), see also United States v. Greene, 737 F.2d 572, 574 (6th 1984).

In the present case, the defendant appears to be alleging that the government intentionally delayed by arguing that it had no valid reason to delay. The Court notes that even when a prosecutor believes probable cause exists to seek an indictment, the prosecutor is not compelled to file charges that day or at any time before he or she is satisfied that the suspect's guilt can be proven beyond a reasonable doubt. Lovasco, 431 U.S. at 791. To hold otherwise would have negative consequences for potential defendants because it would "increase the likelihood of unwarranted charges being filed, and would add to the time during which defendants stand accused but untried." Id., see also Greene, 737 F.2d at 574 (observing that requiring the government to prove and courts to determine that the government brought the prosecution as soon as it had sufficient

3

evidence to gain a conviction would impose burdensome record-keeping requirements on prosecutors, as well as burdening courts reviewing the prosecutors' decisions).

Moreover, even if the Court found that the government intentionally delayed in bringing the indictment in this case beyond the time that it had sufficient evidence to convict in the form of an admission in the defendant's state court guilty plea, the defendant has not even alleged that the government caused the delay in order to gain a tactical advantage. Although pre-indictment delay is determined on a case-by-case basis, see Lovasco, 431 U.S. at 790, the Court notes that the near nineteen-month time period from the present defendant's arrest to the indictment does not appear to be exceptional in comparison to some of the time frames in the case law. See, e.g., United States v. Rogers, 118 F.3d 466, 475-77 (6th Cir. 1997) (holding motion to dismiss properly denied despite two-year pre-indictment delay); United States v. DeClue, 899 F.2d 1465, 1469 (6th Cir. 1990) (affirming lack of prejudice from three-year delay); Brown, 667 F.2d at 568 (holding no due process violation when defendants indicted over five and one-half years from commencement of investigation for tax evasion). In fact, the Court of Appeals for the Sixth Circuit has stated: "[W]e would be hard put to say that an indictment brought within the first half of the limitations period prescribed by Congress somehow violated the defendant's rights under the Constitution." United States v. Hermis, No. 92-1844, 1992 WL 363381, *2 (6th Cir. Dec. 9, 1992) (period of almost two years between crimes and indictment). In the present case, the indictment was brought solidly within the first half of the limitations period.

Additionally, the defendant has failed to show or, again, even allege substantial prejudice resulted from the delay. Instead, the defendant asserts that the Court should presume prejudice because the pre-indictment delay exceeds one year. Showing prejudice sufficient to

4

warrant dismissal of the indictment is not an inconsequential burden. When the prosecution is brought within the applicable statute of limitations, reliance upon "the real possibility of prejudice inherent in any extended delay: [T]hat memories will dim, witnesses become inaccessible, and evidence be lost" is insufficient to show prejudice implicating due process. See Marion, 404 U.S. at 326; Greene, 737 F.2d at 574. Instead, the defendant must show an actual prejudice that has resulted from the delay in his case. In the present case, the defendant argues only that the pre-indictment delay has violated his Fifth Amendment right to due process. The Court finds that the defendant has failed to show any, much less substantial, prejudice from the delay.

In summary, the Court finds that the defendant has failed to show both that the delay was an intentional device by the government for the purpose of gaining a tactical advantage and that the delay has caused him substantial prejudice. Furthermore, the Court finds that the near nineteen-month lapse of time from the commission of the alleged offense on December 23, 2006, to the indictment filed on July 1, 2008, does not violate fundamental concepts of justice or defy the standards of fair play and decency. See Lovasco, 431 U.S. at 790. Accordingly, the Court **RECOMMENDS** that the defendant's Motion to Dismiss [Doc. 24] be **DENIED**.

## CONCLUSION

After carefully considering the parties' arguments and the relevant legal authorities, the Court finds no basis to dismiss the indictment. For the reasons set forth herein, it is **RECOMMENDED** that defendant's Motion to Dismiss [**Doc. 24**] be **DENIED**.[3]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).