IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | |
| EMORY CORNELIUS CLEMONS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion to Suppress [Doc. 28], filed on December 17, 2008. The defendant asks the Court to suppress all statements he made during the entry of a guilty plea in state court on a charge arising out of the same incident as his present federal indictment. The Court held an evidentiary and motion hearing on March 9, 2009. Assistant United States Attorneys David P. Lewen and Kelly Ann Norris represented the government. Attorney Tracy Jackson Smith appeared on behalf of the defendant, who was also present. The defendant did not present any evidence or additional argument on this suppression motion at the hearing but, instead, chose to rely on his filings.

On July 1, 2008, the defendant was indicted [Doc. 3] on a single count of possession of five grams or more or crack cocaine with intent to distribute, which is alleged to have occurred on December 23, 2006. According to the parties' briefs, the defendant pled guilty in Knox County

1

Criminal Court to a charge arising out of the December 23, 2006 incident.[1] In his suppression motion, the defendant maintains that all statements that he made during his 2007 guilty plea in state court must be suppressed because his state guilty plea was not knowingly or voluntarily given. He asserts that he did not knowingly or intelligently enter a guilty plea in Knox County Criminal Court because he was not advised that his resulting conviction could be used against him in a federal prosecution or to sentence him as a career offender. Also, the defendant maintains that when he waived his right to a jury trial on the state charge, he did not know that he was also waiving his right to confront witnesses in a second, federal trial.

The government responds [Doc. 30] that a state court judge has no constitutional duty to warn a defendant about the collateral consequences of a guilty plea. Instead, the state judge must advise the defendant of only the direct consequences of the plea in the state criminal justice system.

## ANALYSIS

The defendant argues that the statements made in his 2007 state guilty plea cannot be used against him in the present prosecution because he did not enter into the state guilty plea knowingly or intelligently. Specifically, he maintains that he was not advised that his state guilty plea could be used against him in a federal prosecution, that his state conviction pursuant to the guilty plea could be used to sentence him as a career offender in federal court, or that by waiving his right to a state jury trial, he was also waiving his right to confront the witnesses against him in

---

[1]The defendant contends [Doc. 29] that he entered his guilty plea in state court on April 12, 2007. The government states [Doc. 30] that April 12, 2007, was the day that the defendant was sentenced on his state guilty plea, which he had entered on January 24, 2007. At the March 9, 2009 hearing, neither party presented any evidence on the date of the defendant's entry of a state guilty plea. Both parties appear to agree that the defendant's state conviction was concluded in April 2007.

2

a subsequent federal trial.

Initially, the Court considers whether it may look beyond the face of the state court judgment to determine the voluntariness of the underlying state guilty plea. Typically, a defendant may not bring a collateral attack upon a conviction alleging a violation of the procedural rules for taking a guilty plea. United States v. Timmreck, 441 U.S. 780, 785 (1979). Notwithstanding this general rule, "[w]hen the defect reaches a constitutional dimension, the Timmreck concern with finality is overborne and attacks on a guilty plea raised for the first time in a collateral proceeding must be considered." United States v. Howze, 668 F.2d 322, 323 (7th Cir. 1982) (permitting a collateral attack on a state court judgment and remanding the case to the district court for consideration of potential constitutional defects regarding the defendant's privilege against self-incrimination and his right to a jury trial); see also United States v. Gardner, No. 88-6370, 1989 WL 123238, at *5-6 (6th Cir. Oct. 17, 1989) (looking behind the face of the state court judgment to determine the constitutionality of the underlying state guilty plea).

A guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242 (1969). Entry of a guilty plea requires the defendant to waive several constitutional rights including (1) the Fifth Amendment privilege against compulsory self-incrimination, (2) the right to a jury trial, and (3) the right of confrontation. Id. at 243. These waivers must be "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Because the voluntariness of the defendant's state guilty plea is a matter of constitutional dimensions, the Court undertakes to determine the issues raised by the defendant in the instant collateral attack.

3

In the present case, the parties have presented no evidence on the issues raised by the defendant. The transcript of the defendant's state guilty plea hearing is not before the Court and, thus, the Court cannot determine whether and to what extent the Knox County Criminal Court judge advised the defendant of the potential federal ramifications of his state guilty plea. Nevertheless, the Court finds, as a matter of law, the state court judge was not obligated to advise the defendant of the federal implications of his guilty plea. While a defendant must be aware of the direct consequences of a guilty plea, the court accepting the plea has no constitutional obligation to advise the defendant of every potential collateral consequence of the guilty plea. King v. Dutton, 17 F.3d 151, 153 (6th Cir.), cert. denied, 512 U.S. 1222 (1994); see also Gardener, 1989 WL 123238, at *5 (observing that due process does not require that the defendant be warned of all potential collateral consequences of a guilty plea). Moreover, "[t]he state and federal systems are separate and distinct, and the defendant need only be informed of the direct consequences he may face within the particular system. Therefore, the state court, even if knowledgeable about federal criminal law, need not undertake to inform the defendant of his potential federal criminal liability[.]" United States v. Long, 852 F.2d 975, 979 (7th Cir.1988). More specifically, "a warning concerning the collateral use of [a state guilty] plea [as an admission in a subsequent federal prosecution] is not required by the Constitution, the Federal Rules, or the Tennessee Rules[.]" Gardener, 1989 WL 123238, at *6. In the present case, the Criminal Court judge's failure to advise the defendant that his admission of guilt to the underlying offense could be used against him in a federal prosecution arising out of the same incident or that his state conviction could affect a future federal sentence[2]–assuming that the

---

[2]The government states [Doc. 30] that it is not basing its request for sentencing enhancement on the 2007 state conviction arising out of the same incident as gives rise to the instant federal charge. Thus, the defendant's argument that his state guilty plea was involuntary because the Knox

4

judge did not warn the defendant on these matters–did not render the defendant's state guilty plea involuntary and unknowing.

Finally, the defendant contends that the state court judge failed to warn him that by pleading guilty, he would lose his Sixth Amendment right to confront witnesses against him in a subsequent federal trial. Although the defendant does not explain how he is being denied his rights under the Confrontation Clause, the Court presumes that he is referring to the use of his guilty plea against him as an admission under Rule 801(d)(1) of the Federal Rules of Evidence. As a general rule, a guilty plea is admissible in a subsequent criminal prosecution as substantive evidence in the form of admission. See Hancock v. Dodson, 958 F.2d 1367, 1371 (6th Cir. 1992); see also United States v. Haddad, 10 F.3d 1252, 1258 (7th Cir. 1993) (holding that defendant's state guilty plea to misdemeanor for illegal possession of same firearm that was the subject of the federal indictment was admissible); United States v. Riley, 684 F.2d 542, 545 (8th Cir. 1982) (holding defendant's state guilty plea to pimping charge to be admissible as substantive evidence in his federal prosecution under the Mann Act). In the present case, the use of the defendant's state guilty plea as an admission does not prevent the defendant from calling upon any of the persons who witnessed the alleged underlying transaction to testify. Moreover, the defendant himself has the right to testify at trial, if he so chooses. The Court fails to perceive how the defendant's right to confront witnesses would be violated by the admission of his state guilty plea. Accordingly, the Court recommends that the defendant's Motion to Suppress be denied.

---

County Criminal Court judge did not warn him that the conviction arising out of his guilty plea could result in the enhancement of a future federal sentence is actually moot.

5

## III. CONCLUSION

After carefully considering the parties' arguments and the relevant legal authorities, the Court finds no basis to suppress the statements made by the defendant in his 2007 guilty plea in Knox County Criminal Court. For the reasons set forth herein, it is **RECOMMENDED** that defendant's Motion to Suppress [**Doc. 28**] be **DENIED**.[3]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).