UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | (Phillips/Guyton) |
| EMORY CORNELIUS CLEMONS | ) | |

## MEMORANDUM AND ORDER

On April 22, 2009, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed an 6-page Report and Recommendation (R&R) [Doc. 42] in which he recommended that defendant's motion to suppress statements [Doc. 28] be denied. Thus, Judge Guyton recommended that all statements made by defendant during the entry of a guilty plea in state court on a charge arising out of the same incident as his present federal indictment be admitted at trial.[1]

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 44]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Guyton's thorough analysis of the

---

[1] On July 2, 2008, defendant was indicted on a single count of possession of five grams or more of crack cocaine with intent to distribute on or about December 23, 2006. Defendant pled guilty in 2007, in Knox County Criminal Court to a charge arising out of the same incident.

legal issues arising from the suppression hearing conducted by him on March 9, 2009. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

Defendant argues that Judge Guyton erred in finding that his guilty plea in the state court proceeding was voluntary and knowing with respect to its use against him in the federal court proceeding. In support of his argument, defendant states that he did not know that he was going to be prosecuted for the same offense in federal court, and he did not know that he was waiving his privilege against self-incrimination and right to confront witnesses at the federal trial. Under these circumstances, the defendant asserts he cannot be said to have intentionally relinquished or abandoned his constitutional rights in the federal court proceeding. I find defendant's argument without merit.

State court judges have no constitutional duty to advise defendants of every potential collateral consequence of their guilty plea. *King v. Dutton,* 17 F.3d 151, 153 (6th Cir.), *cert denied,* 512 U.S. 1222 (1994). While the defendant is entitled to notification of the direct consequences of his guilty plea within the system in which he enters the guilty plea, the state court judge is not obligated to advise the defendant of the federal implications of his guilty plea. *See United States v. Gardner,* 1989 WL 123238 (6th Cir. Oct. 17, 1989). Specifically, a warning concerning the collateral use of a state guilty plea as an admission in a subsequent federal prosecution is not required by the Constitution, the Federal Rules, or the Tennessee Rules. *Id.*

-2-

Case 3:08-cr-00102-TWP-HBG   Document 48   Filed 05/19/09   Page 2 of 3   PageID #: 160

Moreover, in the state proceeding, the defendant admitted, under oath, that he violated a state law. His right against self-incrimination and right to a jury trial on his federal charge remain fully intact. Although his state guilty plea is admissible in a subsequent criminal prosecution, *see Hancock v. Dodson,* 958 F.2d 1367, 1371 (6th Cir. 1992), the defendant is fully able to call any witnesses he chooses at his federal trial. And, the defendant has the right to testify at his federal trial, if he so chooses. Consequently, the court does not find that the statements made by defendant at his guilty plea proceedings in state court are inadmissible in his federal trial, and defendant's objections are overruled.

For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 44] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 42] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 28] is **DENIED** in its entirety, whereby the court will allow the introduction of the statements made by defendant during the entry of a guilty plea in state court at the trial of this matter, which is presently set for June 10, 2009.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge