UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | (Phillips/Guyton) |
| EMORY CORNELIUS CLEMONS | ) | |

## MEMORANDUM AND ORDER

On April 28, 2009, the Honorable H. Bruce Guyton, United States Magistrate Judge, filed an 22-page Report and Recommendation (R&R) [Doc. 43] in which he recommended that defendant's motion to suppress evidence [Doc. 26] be denied. Thus, Judge Guyton recommended that the evidence obtained during the seizure and search of defendant on December 23, 2006, be admitted at trial.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 46]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Guyton's thorough analysis of the legal issues arising from the suppression hearing conducted by him on March 9, 2009. Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motion to suppress will be denied.

A transcript from the suppression hearing conducted by Magistrate Judge Guyton on March 9, 2009 was not made part of the record herein, so the court adopts the factual findings from the magistrate judge's R&R:

> At 9:50 p.m., on December 23, 2006, KPD Officer David Roncska observed two males traveling in a Buick on Summit Hill Road in Knoxville. The defendant was in the front passenger seat of the Buick. While stopped at a traffic light diagonally behind the Buick, Roncska observed that the defendant was not wearing a seatbelt because Roncska could see the seatbelt's locking mechanism on the passenger-side doorframe. Roncska stopped the Buick, told the driver that he stopped him because his passenger was not wearing a seatbelt, and requested identification from both men. The defendant could not produce any identification but gave Roncska a name and date of birth. The defendant did not remember his Social Security number. Roncska told the two men to "hang tight," then went to his police car to run a records check and issue a citation to the defendant. Once back at this cruiser, Roncska called for another officer to come to the scene.
>
> Before Officer Roncska could begin the records check, he saw the defendant open the front passenger's side door. Roncska repeatedly yelled for the defendant to remain in the car, but the defendant got out of the car and ran. Roncska pursued him and tackled him from behind. While pinning the defendant to the ground, Roncska attempted to handcuff him. The defendant struggled and pushed Roncska. Roncska ultimately prevailed in handcuffing the defendant by forcefully pulling his hands behind his back. Roncska pulled the defendant to his feet, patted him down, and felt several large baggies through the defendant's pants pocket. Roncska removed the baggies from the defendant's pants pocket and saw that they contained cocaine. Roncska then returned the baggies to the defendant's pocket and placed the defendant in his patrol car.

[Doc. 43, pp. 6-7].

Defendant argues that Judge Guyton erred (1) in his conclusion that the defendant's act of leaving the scene prior to the completion of the traffic stop constituted "obstruction" within the meaning of Tenn. Code Ann. § 39-16-602(a), (2) in his conclusion that Officer Roncska's "feeling" that the defendant was lying rose to the level of "reasonable suspicion" so as to justify the stop and detention of the defendant, and (3) in his conclusion that Officer Roncska's feeling that the defendant could be armed rose to the level of "reasonable belief" so as to justify a *Terry* pat down of the defendant.

First, Officer Roncska had probable cause to believe that a traffic violation was occurring and he could properly stop the Buick and detain its occupants while issuing the traffic citation. The officer saw the defendant's seatbelt locking mechanism resting against the passenger-side doorframe, which caused him to believe that the defendant was not wearing a seatbelt. Therefore, he could detain defendant while he completed the records check and issued the citation. *See United States v. Blair,* 524 F.3d 740, 752 (6th Cir. 2008) (holding that an officer may detain a vehicle and its occupants for the length of time necessary to complete the traffic stop). Moreover, Officer Roncska was alone, conducting a traffic stop at night, and there were two occupants in the car. Under the circumstances, it was reasonable for him to ask the occupants to remain in the car. *See United States v. Moorefield*, 111 F.3d 10, 13 (3rd Cir. 1997) (holding that officer may order passenger to remain in car with hands raised during traffic stop).

Second, Officer Roncska had probable cause to seize defendant after defendant fled while being detained for a seatbelt violation. The defendant's entire course

of conduct in leaving the scene of the stop and struggling with the officer as the officer attempted to handcuff him constituted obstruction of the traffic stop. Under Tennessee law, "it is an offense for a person to intentionally prevent or obstruct anyone known to the person to be a law enforcement officer, or anyone acting in a law enforcement officer's presence and at such officer's direction, from effecting a stop, frisk, halt, arrest or search of any person, including the defendant, by using force against the law enforcement officer or another. Tenn. Code. Ann. §39-16-602(a). Thus, Officer Roncska had probable cause to arrest defendant for obstruction of law enforcement at the time he was seized and handcuffed, and his subsequent search of defendant was a valid search incident to defendant's arrest. *See Chimel v. California*, 395 U.S. 752, 762-63 (1969) (holding that a defendant may be searched incident to arrest without violating the Fourth Amendment. Accordingly, defendant's objections to the R&R are overruled.

For the foregoing reasons, as well as the reasons articulated by Judge Guyton in his R&R, defendant's objections to the R&R [Doc. 464] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 43] is **ACCEPTED IN WHOLE.** Accordingly, defendant's motion to suppress evidence [Doc. 26] is **DENIED** in its entirety, whereby the court will allow the introduction of the evidence obtained during the seizure and search of defendant on December 23, 2006, at the trial of this matter, which is presently set for June 10, 2009.

**ENTER:**

　　　　s/ Thomas W. Phillips　　
　　United States District Judge