IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | |
| EMORY CORNELIUS CLEMONS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Clemons' Motion to Reconsider Motion to Dismiss [Doc. 68], filed on November 15, 2009, and referred [Doc.71] to the undersigned on November 16, 2009. The Defendant asks the Court to reconsider the denial [Doc. 50] of his Motion to Dismiss [Doc. 24] the Indictment for preindictment delay, because he contends that the Government has violated the spirit of the Department of Justice's Petite policy by bringing the instant federal charges. The Government responds [Doc. 73] that the Petite policy does not provide the Defendant with a legal basis for dismissing the Indictment and that, as conceded by the Defendant, it has complied with the Petite policy in this case. Because the Court agrees with the Government that the Petite policy does not afford the Defendant a basis upon which to ask the Court to dismiss the Indictment, the Defendant's motion to reconsider is **DENIED**.

1

## Procedural History

On July 1, 2008, the Defendant was indicted [Doc. 3] on a single count of possession of five grams or more or crack cocaine with intent to distribute, which is alleged to have occurred on December 23, 2006. The Defendant moved to dismiss [Doc. 24] the Indictment on December 17, 2008, arguing that the nineteen-month delay between the commission of the alleged offense and the bringing of federal charges against him violated his right to due process under the Fifth Amendment. In this regard, he contended that the Government had all the information necessary to indict at the time of his April 2007 state conviction, arising out of the same incident and pursuant to a guilty plea. This Court recommended [Doc. 41] that the Defendant's motion to dismiss be denied because the Defendant failed to show that any delay stemmed from the Government's attempt to gain a tactical advantage or that he incurred substantial prejudice from the delay. The District Court accepted [Doc. 50] this recommendation in whole and denied the Motion to Dismiss.

The Defendant alleges that following the ruling on his Motion to Dismiss the Indictment, he sent three letters to the United States Department of Justice. He does not describe the nature or substance of these letters. He states that around October 16, 2009, he received a reply from the Criminal Division of the Department of Justice stating that it appeared from the information that he had provided (ostensibly in his prior letters) that "this matter is an issue of State jurisdiction." The Defendant interprets this statement to mean that his federal prosecution violates the Department of Justice's Petite policy. The Assistant United States Attorneys involved in this case declined to seek the dismissal of the Indictment, and the Defendant filed the instant motion.

2

The Defendant subsequently filed the October 16, 2009 letter as an exhibit [Doc. 72]. The letter states as follows:

> Dear Mr. Clemons,
>
> Thank you for your letter to the Department of Justice. Please understand that the Department can assume jurisdiction only when there has been a violation of a federal criminal statute. While we appreciate your interest in obtaining federal assistance, it appears from the information you have provided that this matter is an issue of State jurisdiction. According to the Constitution, federal officials may intervene only in matters in which a violation of federal law may have occurred.
>
> Absent jurisdiction by this Department, some options you may have are that you : (1) retain the services of a private attorney; (2) pursue this matter at the State or local level; or (3) seek guidance from your local legal aid organization.
>
> Sincerely,
>
> Correspondence Management Staff
> Office of Administration

**Positions of the Parties**

In the present case, the Government asserts and the Defendant concedes that the Government has complied with the Petite policy in that it sought and received authorization from the Attorney General to bring the Indictment in this case. The Government maintains that the Attorney General approved the Indictment because the Defendant's state conviction and sentence failed to vindicate appropriately the strong federal interest in preventing cocaine trafficking by a recidivist cocaine offender. Nevertheless, the Defendant argues that the instant Indictment violates the spirit of the Petite policy. He maintains that he is being prosecuted twice for the same act and, if convicted of the instant charge, he will serve two sentences for the same offense. He argues that

3

this violation of the Petite policy, combined with the nineteen-month preindictment delay that formed the basis of his original Motion to Dismiss, is counter to his right to due process under the Fifth Amendment. The Government responds that it did not violate the Petite policy and that the Defendant lacks standing to assert that it has.

**Analysis**

Pursuant to the Dual Sovereignty Doctrine, "State and Federal Governments [have] the power to prosecute for the same act . . . [as both] have legitimate, but not necessarily identical, interests in the prosecution of a person for acts made criminal under the laws of both." Rinaldi v. U.S., 434 U.S. 22, 28 (1977) (per curiam). In response to the Supreme Court's concerns about this power to bring multiple prosecutions, the Department of Justice adopted the Petite policy[1]

> of refusing to bring a federal prosecution following a state prosecution except when necessary to advance compelling interests of federal law enforcement. The Petite policy was designed to limit the exercise of the power to bring successive prosecutions for the same offense to situations comporting with the rationale for the existence of that power. Although not constitutionally mandated, this Executive policy serves to protect interests which, but for the "dual sovereignty" principle inherent in our federal system, would be embraced by the Double Jeopardy Clause.

Id. at 28-29 (footnote omitted). In applying this policy, the Department of Justice, thus, will bring

---

[1] The "Petite policy" stems from the case of Petite v. U.S., in which the government sought the dismissal of charges for suborning perjury in the District of Maryland, which charges arose out of the same facts forming the basis of a charge that had been tried and dismissed in the Eastern District of Pennsylvania. 361 U.S. 529, 529-30 (1960) (per curiam). In seeking dismissal, the government stated its "policy [was] closely related to that against duplicating federal-state prosecutions, which was formally defined by the Attorney General of the United States in a memorandum to the United States Attorneys." Id. at 530-31; Rinaldi, 434 U.S. at 25 n.5. "The Petite policy is most frequently applied against duplicating federal-state prosecutions." Id.

4

federal charges following a state prosecution for the same underlying act(s) only for "compelling" reasons. Rinaldi, 434 U.S. at 25 n.5. "A United States Attorney contemplating a federal prosecution in these circumstances is required to obtain authorization from an appropriate Assistant Attorney General." Id.

As described above, the Petite policy is not constitutionally required but, instead, is an internal policy implemented by the Department of Justice. United States v. Renfro, 620 F.2d 569, 574 (6th Cir. 1980). As such, the Petite policy "'confers no rights upon the accused.'" Id. (quoting United States v. Frederick, 583 F.2d 273, 274 (6th Cir. 1978), cert. denied, 444 U.S. 860 (1979)); Neeley v. U.S., Nos. 2:05-CV-311, 2:03-CR-33, 2008 WL 2558013, at *7 (E.D. Tenn. June 23, 2008) (holding that courts "have uniformly held that a criminal defendant cannot invoke the Petite policy as a bar to a federal prosecution") (collecting cases). Only the Government has standing to assert the Petite policy when seeking that an indictment be dismissed. Id. (rejecting the defendant's argument that the government's violation of the Petite policy constituted a violation of due process). "The decision of whether or not to prosecute, like the decision of whether or not to grant immunity from prosecution, is a decision firmly committed by the [C]onstitution to the [E]xecutive [B]ranch of the government." Id. Accordingly, Defendant Clemons lacks standing to seek the dismissal of the Indictment in this case based upon his allegations that the Government violated the Petite policy. His ultimate argument–the fact that the Government deems his state sentence to be insufficient is not a compelling reason to bring the federal charge–is not his to make.

Briefly setting aside this lack of standing, the Court also finds that the Petite policy has not been violated in this case. Both parties agree that the Government sought and obtained approval before bringing the charge. Moreover, the letter submitted as an exhibit by the Defendant

5

does not suggest otherwise and does not even appear to relate to the present question. Accordingly, the Defendant's Motion to Reconsider Motion to Dismiss [Doc. 68] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

<u>     s/ H. Bruce Guyton     </u>
United States Magistrate Judge