IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:08-CR-102 |
| | ) | |
| EMORY CORNELIUS CLEMONS, | ) | (PHILLIPS/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND OPINION**

This case is before the Court on Defendant Clemons' Motion to Determine Admissibility of Expert Testimony [Doc. 55], filed on June 4, 2009, and referred [Doc. 66] to the undersigned on November 13, 2009. See 28 U.S.C. § 636(b). On November 16, 2009, the Court held a hearing on the motion. Assistant United States Attorney Kelly A. Norris represented the Government. Attorney Tracy Jackson Smith appeared on behalf of the Defendant, who was also present. The parties presented additional argument on the motion, which the Court then took under advisement.

The Defendant is charged [Doc. 3] with a single count of possession of five grams or more or crack cocaine on December 23, 2006, with intent to distribute. On June 4, 2009, the Government filed a Notice of Expert Testimony Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [Doc. 52], stating its intent to call an expert on the "method of operation of drug violators" at the June 10, 2009 trial. Specifically, the Notice states that the expert, who is not named in the report, will

1

> describe how cocaine and cocaine base (crack) is imported, manufactured, possessed, distributed, and used, including the method followed by street-level cocaine and crack cocaine dealers. He will testify to the approximate value that cocaine and crack cocaine can be sold for on the street level. Finally, he will testify that the crack cocaine found in the defendant's possession is an amount consistent with possession with intent to distribute and inconsistent with possession for personal use.

That same day, the Defendant filed the instant Motion to Determine Admissibility of Expert Testimony [Doc. 55], requesting a pretrial hearing to determine the expert's admissibility. The Defendant argues that testimony on the behavior of drug traffickers and street level drug dealers is irrelevant to the determination of the facts at issue in this case and, thus, will not assist the trier of fact. Accordingly, the Defendant argues that the proposed expert testimony violates Rule 702 of the Federal Rules of Evidence.

The Government responds [Doc. 59] that a pretrial hearing on the admissibility of its proposed expert testimony is unnecessary because such testimony is widely accepted in this district, as well as by the appellate court. It argues that the expert it plans to call, Drug Enforcement Agent Dave Lewis, has been cited by the Court of Appeals for the Sixth Circuit as a reliable expert witness. It also contends that Agent Lewis's testimony is relevant to the central issue in this case, which is the Defendant's possession of the crack with the intent to distribute it. Finally, the Government further clarifies the subject of Agent Lewis's testimony:

> The United States will call DEA Agent Dave Lewis with the Drug Enforcement Administration as an expert witness in this case to testify regarding the method of operation of street-level drug dealers, the distribution of quantities, packaging and values of cocaine base (crack cocaine), and generally as to how cocaine base is bought and sold in the world of drug trafficking. He will testify that, based upon his training and experience, the quantity and packaging of the cocaine base in this case is consistent with someone having the intent to distribute that drug.

2

The Defendant's trial was continued [Doc. 58] to November 17, 2009.[1] On October 27, 2009, the Government filed another Notice of Expert Testimony Pursuant to Rule 16 of the Federal Rules of Criminal Procedure [Doc. 63], stating its intention to call DEA Agent Dave Lewis as an expert on the method of operation of drug violators. At the November 16 hearing, defense counsel argued that Agent Lewis's testimony must be excluded under Rules 403 and 702 of the Federal Rules of Evidence. The Defendant challenged Agent Lewis's testimony under Rule 702 because the Defendant is not charged with conspiracy to possess drugs with intent to distribute them and, thus, blanket testimony on drug operations is irrelevant to the determination of any fact at issue in this case. Moreover, counsel contended that under Rule 403, any probative value such testimony might have is substantially outweighed by the danger of unfair prejudice, stemming from the jury's tendency to give more weight to a police officer's testimony. Additionally, defense counsel maintained that Agent Lewis's testimony would be cumulative because Knoxville Police Department (KPD) Officers David Roncska and Greg Coker, who will also be fact witnesses in the case, could provide the same testimony as Agent Lewis with less prejudice to the Defendant.

At the November 16 hearing, the Government argued that Agent Lewis's testimony was relevant and helpful because the average layperson was unfamiliar with what constituted a large or small amount of crack cocaine, how much crack is typically consumed in a sitting, and the value of crack. Because the Government must show that the Defendant possessed the crack in question to distribute it, AUSA Norris contended that Agent Lewis's testimony is highly relevant to an element of the offense. With regard to the Defendant's Rule 403 argument, the Government maintained that the Defendant could not tell the Government how to present its case. It asserted

---

[1] At the November 16 hearing, the trial was again reset [Doc. 70] to permit the Court to take up a motion filed by the Defendant the day before. The new trial date is March 8, 2010. [See Notice of November 24, 2009]

that the preference in this circuit was to keep fact witnesses and expert witnesses separate.

Rule 702 permits opinion testimony by a person "qualified as an expert by knowledge, skill, experience, training, or education" if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue[.]" Fed. R. Evid. 702.  The Court of Appeals for the Sixth Circuit has permitted law enforcement officers to testify about methods of drug trafficking:

> Courts have overwhelmingly found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, not within the experience of the average juror.  This circuit has allowed police officers to testify as expert witnesses about criminal activity since "[k]nowledge of such activity is generally 'beyond the understanding of the average layman.' " . . . .  We agree that, without expert testimony, the average juror is unlikely to understand the significance of drug paraphernalia, quantities, and prices or appreciate the difference between "street level" drug dealers and other types of distribution operations.

United States v. Thomas, 74 F.3d 676, 682 (6th Cir. 1996) (quoting United States v. Pearce, 912 F.2d 159, 163 (6th Cir. 1990) (internal citation omitted)) (collecting cases), abrogated in Morales v. American Honda Motor, Co., 151 F.3d 500, 514-15 (6th Cir. 1988) (holding that standard of review of admission of expert testimony should be abuse of discretion rather than the three-part standard used in Thomas).  Moreover, the appellate court has approved DEA Agent Dave Lewis's testimony in this capacity.  United States v. Alford, 332 Fed. Appx. 275, 281 (6th Cir. 2009) (deeming Agent Lewis to be qualified to testify about the method of operation of drug dealers); United States v. Leasure, 331 Fed. Appx. 370, 375 (6th Cir. 2009) (holding that Agent Dave Lewis's opinions were "consistent with expert testimony regularly allowed by this court" and "did not exceed the scope of his expertise"), cert. denied, 2010 WL 58652 (Jan. 11, 2010).

4

In the present case, the Court likewise finds the proposed testimony of Agent Lewis to be relevant to the jury's determination of whether the Defendant had the intent to distribute crack cocaine. In Alford, the defendant was also charged with a single count of possession of five grams or more of crack cocaine with intent to distribute. 332 Fed. Appx. at 277. The court held that Agent Lewis's testimony was "highly relevant" to the issue of whether the defendant possessed the crack with the intent to distribute and was also within the scope of his expertise. Id. at 281-82 (proceeding under a plain error standard because Alford's counsel declined to voir dire the expert at trial, thereby waiving the issue). In the present case, the Court finds that Agent Lewis's proposed testimony will assist the trier of fact in understanding the evidence and in determining a fact in issue. Accordingly, the admission of Agent Lewis's testimony does not run afoul of Rule 702.

The Defendant argues that even if Agent Lewis's proposed testimony is relevant, its potential for causing unfair prejudice substantially outweighs its probative value because (1) jurors give greater credence to the testimony of a police officer and (2) the Government could have fact witnesses provide the same testimony. Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In Thomas, the defendant also argued that the unfair prejudice stemming from a police officer's testimony as an expert witness substantially outweighed the testimony's probative value due to "the 'aura of reliability and trustworthiness' present when prosecutors offer a law enforcement officer's expert testimony in a criminal case." 74 F.3d at 683. The Court of Appeals held that the trial court's cautionary instruction regarding

5

the weight to give expert testimony minimized any potential unfair prejudice from the officer's expert testimony. Id. The Sixth Circuit has subsequently found that a police officer's testimony as an expert witness regarding the drug trade did not violate Rule 403. United States v. Bender, 265 F.3d 464, 472 (6th Cir. 2001); see also United States v. Gaines, 105 Fed. Appx. 682, 699 (6th Cir. 2004), jmt vacated by 543 U.S. 114 (2005) (remanding case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005)). In the present case, the Court also finds that any possible unfair prejudice posed by Agent Lewis's status as a law enforcement officer can be countered by a cautionary instruction to the jury that it may give the expert opinion such weight as the jurors think it deserves.

Finally, the Defendant argues that the Government could alleviate the unfair prejudice from Agent Lewis's testimony by having Officers Roncska and Coker, who will testify as fact witnesses in this case, also testify with regard to the methods of street-level drug dealers. The Government responds that the preference in this circuit is to separate fact and expert witnesses. Although our appellate court has recognized that courts should proceed cautiously when permitting a witness to testify both as a fact witness and an expert witness due to the potential for juror confusion, it has "refuse[d] to adopt a per se prohibition of this practice." Thomas, 74 F.3d at 682-83. Nevertheless, as law enforcement officers, Officers Roncska and Coker presumably share Agent Lewis's potential for swaying the jury with the gravity of their profession. Thus, what the Defendant is arguing in essence is that he fears Agent Lewis will be a better expert witness than Officers Roncska and Coker. As pointed out by the Government, the Defendant is not permitted to select its witnesses. Whether Agent Lewis's testimony turns out to be cumulative to that of Officers Roncska and Coker is a matter for the District Judge to determine at trial, pursuant to a timely objection.

For the forgoing reasons, the Court finds that Agent Dave Lewis's proposed testimony is admissible. Defendant Clemons' Motion to Determine Admissibility of Expert Testimony [**Doc. 55**] is **GRANTED in part** in that the Court has reviewed the admissibility of Agent Lewis's testimony and is otherwise **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge